The Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

FAITH INTERNATIONAL ADOPTIONS,
a Washington State non-profit corporation;
AMAZING GRACE ADOPTIONS, a North
Carolina non-profit corporation; and
ADOPT ABROAD INCORPORATED, a
Pennsylvania non-profit corporation,

            Plaintiffs,

    v.

MICHAEL R. POMPEO, Secretary for the
United States Department of State, in his
official capacity; CARL C. RISCH,
Assistant Secretary of State for Consular
Affairs, in his official capacity; BETH
PAYNE, Director of the Office of Children's
Issues, in her official capacity; UNITED
STATES DEPARTMENT OF STATE; and
COUNCIL ON ACCREDITATION FOR
CHILDREN AND FAMILY SERVICES,
INC.,

            Defendants.

Case No. 2:18-cv-00731-RBL

**DECLARATION OF DR. CAROL L.
KINLEY-ALBERS, LPC, ON BEHALF
OF ADOPT ABROAD
INCORPORATED, IN SUPPORT OF
PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION**

I, Dr. Carol L. Kinley-Albers, LPC, hereby declare as follows:

**I.**    **Carol Kinley-Albers's Competency to Supply This Declaration.**

    1.    I am over eighteen and am competent to make this declaration based upon

personal knowledge unless otherwise stated.

KINLEY-ALBERS DECLARATION IN
SUPPORT OF MOTION FOR PRELIMINARY
INJUNCTION  2:18-cv-00731

2.     I am the President & Executive Director of Adopt Abroad Incorporated ("AAI"), a 501(c)(3) non-profit child placement and charitable relief agency licensed in the State of Pennsylvania. The agency was created specifically to assist U.S. military, diplomats and other expatriate families with their adoption needs while posted overseas. AAI developed this specialty niche and developed market recognition as a provider for overseas families. AAI received several country specific accreditations because of its overseas market niche (Philippines, Indonesia and U.S. foster care adoption placements).

3.     AAI's organizational structure consists of the Board of Directors, President/Executive Director, Director of Social Work Services, Administrative Person, and Case Workers (Master level clinicians). Within this structure, we have at the Harrisburg headquarters: (1) Susan Weenink, Director of Social Work Services; (2) Jennifer Schroeder, Adoption Caseworker; and (3) Holly Wales, Administrative. AAI also has over twenty contract adoption caseworkers based worldwide to assist AAI's internationally based clients.

4.     As AAI's Executive Director, I oversee AAI's operations, and I am personally familiar with them.  AAI had regular staff meetings on a bi-monthly basis in which all adoption programs and all client cases and status were reviewed.

5.     Susan Weenink is AAI's Director of Social Work Services. Susan provides oversight of the contracted social workers, performs home studies, reviews and signs off on all home studies, pre-placement reports and post-placement reports, and provides case management. Susan was the program manager for the Sierra Leone adoption program.

6.     Jennifer Schroeder is an Adoption Case Worker. Jennifer provides adoption home study services, pre-and post-placement reports, home study reviews and case management.

7.     Holly Wales is the Administrative Assistant at AAI. Holly handles client payments and bookkeeping. Holly manages all the mail and is responsible for uploading data onto AAI's web-based data system.

KINLEY-ALBERS DECLARATION IN
SUPPORT OF MOTION FOR PRELIMINARY          - 2 -
INJUNCTION  2:18-cv-00731

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1 206 839 4300

1          8.        Adoption Caseworkers worldwide. AAI has a large circle of internationally

2    based adoption caseworkers to assist the families with adoption home studies, pre and post

3    adoption counseling. The Caseworkers are based where AAI has large client hubs, such as at

4    U.S. military bases overseas, and the caseworkers will travel as well to provide needed

5    services to AAI families. AAI maintains regular ongoing contact with its caseworkers through

6    scheduled Skype phone calls, email exchanges and regular international trips by either the

7    President or Director of Social Work services.

8          9.        Since its inception, AAI routinely scheduled international adoption conferences

9    to meet with its overseas caseworkers and families and provide educational presentations at the

10   various U.S. military bases abroad.

11   **II.    AAI Hague Accreditation History**

12         10.       AAI was incorporated in 1993.

13         11.       AAI has been an agency licensed under Pennsylvania law to perform child

14   placement services since 1993.

15         12.       AAI has, until recently, been Hague-accredited since 2008. AAI's initial

16   accreditation was effective from 2008 until 2010. AAI first applied to renew its Hague

17   accreditation in 2010. COA granted AAI's first accreditation renewal application, which

18   renewed AAI's Hague accreditation until March 31, 2014. AAI applied to renew its

19   accreditation again in 2014. COA granted that renewal application, which renewed AAI's

20   Hague accreditation until March 31, 2018. AAI has never received a refusal to renew its

21   Hague accreditation. Until now, AAI's experience with the IAA accreditation or

22   reaccreditation application processes has been smooth, for the most part.

23         13.       AAI began its most recent reaccreditation application in March 2017. AAI filed

24   its renewal application, completed its renewal agreement, and paid its renewal fee before

25   December 29, 2017. AAI's site visit was completed in August 2017. As of November 20,

26   2017, when COA issued guidance for which renewal applications it would handle, AAI was

27

28
KINLEY-ALBERS DECLARATION IN
SUPPORT OF MOTION FOR PRELIMINARY              - 3 -
INJUNCTION  2:18-cv-00731                                              ORRICK, HERRINGTON & SUTCLIFFE LLP
                                                                                  701 Fifth Avenue, Suite 5600
                                                                                  Seattle, Washington  98104-7097
                                                                                       +1 206 839 4300

1   accredited. COA continued to process AAI's latest reaccreditation application until March 31,

2   2018.

3       14.     AAI received accreditation renewal decision deferrals up until very close to the

4   expiration of its Hague Convention accreditation. After submitting a final batch of

5   supplemental information, AAI had hoped that COA would review it by March 29, 2018.

6   Although COA informed AAI that it would review AAI's responses by March 29, 2018, it did

7   not.

8       15.     AAI is unaware of any prior instance where the State Department treated

9   COA's reaccreditation decisions as if they were refusals to renew a Hague Convention

10  accreditation. AAI also has understood that COA has broad discretion to defer a

11  reaccreditation decision beyond a Hague accreditation expiration date.

12  **III.    Harms to AAI due to the State Department's Action**

13      16.     AAI will endure financial harm, because it will imminently lose significant

14  revenue over time if its reaccreditation application remains considered as a "refusal to renew"

15  by COA, because AAI will need to apply as if it were a new accreditation applicant.

16  Comparing historical delay in deciding a new accreditation application with any delay with

17  COA's continuing to process and decide AAI's accreditation renewal application shows that

18  the former process, which would take many months, would in turn greatly exacerbate the

19  financial losses that AAI will suffer. Even AAI's long-term viability is unclear at this moment,

20  in part because the agency is now losing revenues faster than any fixed or overhead costs

21  associated with intercountry adoptions.

22      17.     AAI generates the revenue to conduct its operations by processing adoption

23  cases and will lose significant revenue because its accreditation has lapsed. AAI cannot sustain

24  these losses over a significant period of time, particularly while it awaits an accrediting

25  decision that would require a brand-new accreditation application for Hague accreditation

26  status.

27

28

KINLEY-ALBERS DECLARATION IN
SUPPORT OF MOTION FOR PRELIMINARY        - 4 -
INJUNCTION  2:18-cv-00731

| Country | Approximate No. of Adoption Cases Lost per year[1] | Approximate Revenue Cost per Case | Total Projected Loss |
|---|---|---|---|
| Armenia | 4 | $10,050 | $40,200 |
| Bulgaria | 5 | $10,750 | $53,750 |
| Colombia | 4-6 | $10,000 | $40,000-$60,000 |
| Dominican Republic | 8-10 | $10,750 | $86,000 - $107,500 |
| Honduras | 5 | $9,500 | $47,500 |
| Indonesia | 5 | $9,250 | $46,250 |
| Morocco | 4 | $10,050 | $40,200 |
| Philippines | 5 | $10,750 | $53,750 |
| Sierra Leone | 20-25 | $10,200 | $204,00-$255,000 |
| Uzbekistan | 5 | $9,750 | $48,750 |
| Zambia | 5 | $9,750 | $48,750 |
| Others-Primary Provider Services-Uganda, Nambia, Singapore, Togo, etc. | 8 | $6,000-$8,000 | $48,000-$64,000 |
| International Hague Home Studies | 60-75 | $1,095 | $65,700- $82,125 |

18.     In light of the revenue losses that AAI is suffering, AAI must now strongly consider bankruptcy in the near future. Any financial harms to AAI could be minimized if COA could complete processing AAI's reaccreditation application immediately.

19.     The loss of the ability to open new programs, which derives from the financial harms that AAI has begun to feel, harms AAI's ability to fulfill its stated organizational

---

[1] AAI's projections assume an increased adoption caseload for itself by virtue of other agencies having left the international adoption service space over time. Further, AAI bases these projections on the number of slots allotted to the agency per year, new applications received, clients in process, exclusive country accreditations, unique American adoption situations – i.e., expats and military members overseas who desire to adopt internationally.

KINLEY-ALBERS DECLARATION IN
SUPPORT OF MOTION FOR PRELIMINARY          - 5 -
INJUNCTION 2:18-cv-00731

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1 206 839 4300

1  commitment to providing loving and nurturing adoptive parents for children throughout the
2  world who need a permanent family and stated dedication to matching caring parents with
3  children who need them. Families are already waiting for what seems forever to adopt, because
4  the shortage of agencies providing international adoptions is so severe.

5        20.    These harms to AAI's organizational mission and operations could be
6  minimized if COA could complete processing AAI's reaccreditation application immediately.

7        21.    AAI will also endure reputational injury from its loss of accreditation. Many
8  prospective adoptive families have come to trust and promote AAI for its commitment to the
9  public interest, to the family as a fundamental social group, and to the best interests of children
10 everywhere. By losing its accreditation for any extended period, AAI's reputation will erode
11 with the public and perhaps even the families who came to trust AAI over many years.

12       22.    This reputational harm to AAI could be minimized if COA could complete
13 processing AAI's reaccreditation application immediately.

14 **III.**    **Exhibits**

15       23.    I certify that Exhibit A contains true and correct copies of correspondence
16 between myself and representatives of COA.

17       24.    I certify that Exhibit B is a true and correct copy of the October 10, 2017
18 PCR/Commission Review Report that FIA received from COA.

19       25.    I certify that Exhibit C is a true and correct copy of the January 11, 2018
20 PCR/Commission Review Report that AAI received from COA.

21       26.    I certify that Exhibit D is a true and correct copy of the March 21, 2018
22 PCR/Commission Review Report that AAI received from COA.

23       27.    I certify that Exhibit E is a true and correct copy of an April 4, 2018 letter from
24 the United States Small Business Administration ("SBA") to me, which had attached a letter
25 from the State Department to the SBA's Deputy National Ombudsman.

26       I declare under penalty of perjury pursuant to the laws of the United States that the
27 foregoing is true and correct.

28

KINLEY-ALBERS DECLARATION IN
SUPPORT OF MOTION FOR PRELIMINARY   - 6 -
INJUNCTION  2:18-cv-00731

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1 206 839 4300

Dated this 21st day of June, 2018, in Berlin, Germany.

Dr. Carol L. Kinley-Albers, LPC
President and Executive Director, Adopt Abroad, Inc.

KINLEY-ALBERS DECLARATION IN
SUPPORT OF MOTION FOR PRELIMINARY      - 7 -
INJUNCTION  2:18-cv-00731

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1 206 839 4300

1

**CERTIFICATE OF SERVICE**

2        I hereby certify that on the date below, I caused the foregoing document to be

3   electronically filed with the Clerk of the Court using the CM/ECF system which will send

4   notification of the filing to all counsel of record.

5

6   DATED:  June 21, 2018                    ORRICK, HERRINGTON & SUTCLIFFE LLP

7
                                            By:   */s/ Robert M. McKenna*
8                                                 Robert M. McKenna (WSBA No. 18327)
                                                  rmckenna@orrick.com
9
                                                  701 Fifth Avenue, Suite 5600
10                                                Seattle, WA  98104-7097
                                                  Telephone:   206-839-4300
11                                                Facsimile:    206-839-4301

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KINLEY-ALBERS DECLARATION IN
SUPPORT OF MOTION FOR PRELIMINARY          - 8 -
INJUNCTION  2:18-cv-00731

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1 206 839 4300

# EXHIBIT A



**Carol Albers <aacarola@adopt-abroad.com>**

---

## RE: Hague Self Report
13 messages

---

**Rebecca Slife** <rslife@coanet.org>                    Tue, Mar 20, 2018 at 5:47 PM
To: Carol Albers <aacarola@adopt-abroad.com>
Cc: "Shawn T. Richards" <srichards@kmclaw.com>, "ombudsman@sba.gov" <ombudsman@sba.gov>

Hello Carol,


Based on what was provided to the Commission, they were not able to bring all the standards into compliance. They are not reviewing any new standards, but still have outstanding issues with some of the standards that have been under further review since the site visit. As such, please do start planning for the agency's accreditation to expire.


To clarify, COA is required to make a decision on your renewal application. If/when the agency's accreditation expires, COA we will continue with the review of your application in the Commission process. This process does not stop when the agency expires, unless the agency decides to voluntarily withdraw its application.


I also wanted to inform you that I have heard from a family that you have not yet provided case transfer plan information to them and that they have been asked not to contact other ASPs. Please know that at this time you should be providing case transfer information to clients and, unless specifically requested by the named ASP, PAPs should be welcome to contact them to make a determination of whether they will agree to the transfer plan.


Please let me know if you have any questions. When you get the deferral report, I strongly suggest you be in touch with me to discuss what you are planning to submit.



Best regards,

Becky



**From:** Carol Albers [mailto:aacarola@adopt-abroad.com]
**Sent:** Monday, March 19, 2018 5:08 PM
**To:** Rebecca Slife <rslife@coanet.org>
**Cc:** Shawn T. Richards <srichards@kmclaw.com>; ombudsman@sba.gov
**Subject:** Re: Hague Self Report – Review Complete VO -36246


Hi Becky

I am a bit confused by this.  There are new items that they are reviewing?  Beyond what was requested in the last review?  So we should plan for loss of license and transfer our clients, correct?  So if our license expires we are basically done, correct?  Is there any point in this any longer?  I guess I am not understanding the deferral beyond our accreditation expiring.  Please clarify this.


Thank you

Carol


On Mon, Mar 19, 2018 at 10:02 PM, Rebecca Slife <rslife@coanet.org> wrote:

> Hello Carol,
>
>
> You received this notification as we completed our review of the change in compensation, which was carefully reviewed in the Commission process.
>
>
> COA's procedures provide us with 15 days to complete the deferral report. As we are sensitive to the fact your agency is expiring, we will surely prioritize this to complete it more quickly so that you can begin to work on the items that remain deficient.
>
>
> Regardless, it is likely that the agency's accreditation will expire, given the timing of the next Commission meeting, and you may need to execute your case transfer plan. Please go ahead and begin notifying stakeholders of your pending expiration at this time. I will review your case transfer plan short, and ensure there are no outstanding questions on COA's part.
>
>
> You're welcome to let me know if you have any questions as you work on this.
>
>
> Becky
>
>
>
>
> **From:** Carol Albers [aacarola@adopt-abroad.com]
> **Sent:** Monday, March 19, 2018 12:13 PM
> **To:** Rebecca Slife; Shawn T. Richards; ombudsman@sba.gov
> **Subject:** Re: Hague Self Report – Review Complete VO -36246
>
> Hi Rebecca
>
>
> Not sure why i am getting this now.  The change in compensation was filed many, many months ago..  We discussed this.
>
>
> I emailed regarding the last notice I received regarding another deferral.  The notice said we would hear in 15 days which is after our Hague accreditation expires.

Does this mean then that we will not get accredited?  I need to notify families, other agencies, staff, etc.


Thank you,



On Mon, Mar 19, 2018 at 5:09 PM, Rebecca Slife <rslife@coanet.org> wrote:

Dear Dr. Albers,

This is to acknowledge COA's receipt of your Self Report of Change in Compensation. COA has completed its review and has determined that no action is needed at this time. Information regarding this report will be maintained in your file for reference in future reviews. Should additional information be required, COA will contact you.

If you have any questions, please feel free to contact me at 866-262-8088 or rslife@coanet.org.

Best regards,

Rebecca Slife
Intercountry Adoption Accreditation Manager

Council on Accreditation
45 Broadway, 29th Floor | New York, NY 10006
main (212) 797-3000243 | toll free (866) 262-8088
fax (212) 797-1428

Rebecca Slife, LMSW | Intercountry Adoption Accreditation Manager
Council on Accreditation
45 Broadway, 29th Floor | New York, NY 10006
main (212) 797-3000 x 243 | toll free (866) 262-8088
fax (212) 797-1428

Confidentiality Note: This e-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by returning it to the sender and delete this copy from your system. Thank you for your cooperation.



--

Please sign this petition to Save Adoption & pass this link on to your friends and Social Medial accounts.  We need your help to keep adoption open!


https://petitions.whitehouse.gov/petition/save-adoptions-reverse-80-decline-intercountry-adoptions-and-solve-us-international-adoption-crisis




**Dr. Carol Albers, LPC**
President

**Adopt Abroad, Inc.**
1424 North 2nd Street
Harrisburg, PA  17102

**Ph: 1-888-526-4442**

**www.adopt-abroad.com**

This communication, together with any attachments or links
referenced herein, is for the sole use of the individual(s)
to whom it is addressed and may contain information that is
confidential, privileged, or legally protected. If you are not
an individual to whom this email is addressed, any disclosure,
copying, dissemination, distribution or use of this communication
and/or its attachments or links, is strictly prohibited.
If you believe that you may have received this communication
in error, please notify the sender immediately by return
e-mail message and delete the original and all copies of
the communication in its entirety.

--

Please sign this petition to Save Adoption & pass this link on to your friends and Social Medial accounts.  We need your
help to keep adoption open!

https://petitions.whitehouse.gov/petition/save-adoptions-reverse-80-decline-intercountry-adoptions-and-solve-us-international-adoption-crisis

**Dr. Carol Albers, LPC**
President

**Adopt Abroad, Inc.**
1424 North 2nd Street
Harrisburg, PA  17102

**Ph: 1**-888-526-4442

**www.adopt-abroad.com**

This communication, together with any attachments or links
referenced herein, is for the sole use of the individual(s)
to whom it is addressed and may contain information that is
confidential, privileged, or legally protected. If you are not
an individual to whom this email is addressed, any disclosure,

copying, dissemination, distribution or use of this communication
and/or its attachments or links, is strictly prohibited.
If you believe that you may have received this communication
in error, please notify the sender immediately by return
e-mail message and delete the original and all copies of
the communication in its entirety.

---

**Rebecca Slife** <rslife@coanet.org>                                    Wed, Mar 21, 2018 at 3:58 AM
To: Carol <aacarola@adopt-abroad.com>
Cc: "Shawn T. Richards" <srichards@kmclaw.com>, "ombudsman@sba.gov" <ombudsman@sba.gov>, susan weenink
<susan_w@adopt-abroad.com>

Hello Carol,

If or when Adopt Abroad's accreditation expires and if COA has not yet made a decision on your application, you are
welcome to continue to pursue accreditation through COA.

At the time of expiration at the end of the month, you will be required to execute your case transfer plan. If any PAPs elect to stay with AA and "wait it out" in the hopes that AA will soon be accredited and if the PAPs understand the potential impact of remaining with an unaccredited ASP on their adoption process, they are welcome to. We understand this may vary significantly depending on the case and the country adopting from. If your agreements with ASPs who are willing to accept your transferred cases are written as such that they allow for PAPs to return to AA, that is acceptable, and PAPs can make that choice as well. While I cannot disclose which ASPs have worked out this particular type of agreement, I can share that a number of ASPs have done it successfully. I can also share that ASPs who have a clear plan, open lines of communication with PAPs, and make it financially advantageous for PAPs to return, are often more successful in having clients return.

Please let me know if you have any additional questions.
Becky

 **AdoptAbroad**

Carol Albers <aacarola@adopt-abroad.com>

## Update regarding your pending application for renewal

**susan weenink** <susan_w@adopt-abroad.com>                    Fri, Mar 30, 2018 at 11:02 PM
To: Carol Albers <aacarola@adopt-abroad.com>

This HAS to be illegal.

On Fri, Mar 30, 2018 at 5:01 PM Carol Albers <aacarola@adopt-abroad.com> wrote:
madness!!   and they knew this was coming..   waiting until Friday p.m.


On Fri, Mar 30, 2018 at 11:00 PM, susan weenink <susan_w@adopt-abroad.com> wrote:
That is unbelievable. How can this even be????

On Fri, Mar 30, 2018 at 4:57 PM Carol Albers <aacarola@adopt-abroad.com> wrote:
not looking good


---------- Forwarded message ----------
From: **Carol Albers** <aacarola@adopt-abroad.com>
Date: Fri, Mar 30, 2018 at 10:55 PM
Subject: Re: Update regarding your pending application for renewal
To: Jayne Schmidt <Jschmidt@coanet.org>, ombudsman@sba.gov, "Pope, Cynthia D."
<cynthia.pope@sba.gov>
Cc: Richard Klarberg <Rklarberg@coanet.org>, maskewpa@state.gov, "Shawn T. Richards"
<srichards@kmclaw.com>


Dear Ombudsman and Ms. Pope

I am forwarding the latest email I have received from the Council on Accreditation.  Our license expires
tomorrow.  The COA has dragged this process   on for eight months and now it appears that our agency's
license to work is lost in the process because of their negligence.

 This is stunning and a complete abuse of position. No business can work under such circumstances.

Obviously there are some difficulties in the transition between the two accrediting entities but there should be
some protection for agencies and their families who will suffer badly because of this.  There should be some
grandfathering protection until this mess is sorted out.

Fifteen years of dedicated work in the field will be destroyed because of this situation which is out of our control

Please advise me on our legal position and any support your may offer us.

Thank you

Carol Albers
President

---------- Forwarded message ----------
From: **Jayne Schmidt** <Jschmidt@coanet.org>
Date: Fri, Mar 30, 2018 at 10:08 PM
Subject: Update regarding your pending application for renewal
To: "aacarola@adopt-abroad.com" <aacarola@adopt-abroad.com>
Cc: Richard Klarberg <Rklarberg@coanet.org>

Dear Carol,

I hope this email finds you well.  Unfortunately, I'm writing to advise you that there may be a change with regards to COA's procedures for reviewing the application you filed for renewal due to a directive COA received from the Department of State.

It has been COA's understanding since drafting a transition plan with IAAME, that COA would complete its review of all applications that were in process at the time COA withdrew as an accrediting entity and applications submitted by ASP expiring in 2018 who signed an agreement and agreed to have a site visit by May of 2018.  Earlier this week, we wrote to the State Department and IAAME to advise them of the status of your pending application.  We also advised State Department and IAAME  of some details of our process for applicants seeking renewal who expire while that application for renewal is pending and asked the Department and IAAME to verify certain implications for IAAME relating to its assumption of Monitoring and Oversight of Accredited Agencies on 4/1/18.

In the event of Expiration of Accreditation for ASPs with Pending Renewal Applications

In the event that any of these ASPs are not granted renewal prior to 3/31, it is our understanding that because they would not be accredited on 4/1 that IAAME will not assume any Monitoring and Oversight Responsibilities over these ASPs and not charge / receive any fees from them, until such time as they are granted accreditation again.  COA will transfer the file to IAAME after a final decision is made on their application.

COA will incorporate into its review, any open compliance issues into the Commission's review and decision on the ASPs application to ensure the necessary corrective actions are complete.  COA will not charge the ASP a Monitoring and Oversight Fee because they will not be accredited during this lapse.  The cost of COA's review of the outstanding compliance issues will be covered by the renewal fee they have already paid.

The Department responded saying the following:

"With respect to the ASPs mentioned below, if their accreditation expires and they wish to seek accreditation again, they must first request and obtain permission to make a new application for accreditation from COA, while COA is still designated as an AE.  If COA grants the ASP permission to reapply, the ASP may apply for accreditation or approval as a new applicant and, per the AE transition Plan, the ASP should file its application with IAAME.  The Department recently approved IAAME's

policies, procedures and tables of evidence. IAAME may now accept applications for accreditation and approval.  After March 31, COA may no longer continue to review or make any decision in relation to the ASP's accreditation application.  To the extent COA may be working with the ASP's on corrective action, any corrective action would be moot as of the expiration date as the ASP would no longer be accredited."

We have sent 2 additional emails to the Department expressing our concern over their decision to require COA to operate under new and different procedures for managing pending applications when there is a lapse of accreditation due to expiration.  We have not yet received a response to our latest request for reconsideration of their decision, but felt it was important to advise you of this situation.

We will keep you apprised of the situation.

If you have questions, please direct them to Richard Klarberg and I.

Best regards,

Jayne

--
Please sign this petition to Save Adoption & pass this link on to your friends and Social Medial accounts.  We need your help to keep adoption open!

https://petitions.whitehouse.gov/petition/save-adoptions-reverse-80-decline-intercountry-adoptions-and-solve-us-international-adoption-crisis

**Dr. Carol Albers, LPC**
President

**Adopt Abroad, Inc.**
1424 North 2nd Street
Harrisburg, PA  17102
**Ph: 1-888-526-4442**
**www.adopt-abroad.com**

This communication, together with any attachments or links
referenced herein, is for the sole use of the individual(s)
to whom it is addressed and may contain information that is
confidential, privileged, or legally protected. If you are not
an individual to whom this email is addressed, any disclosure,
copying, dissemination, distribution or use of this communication
and/or its attachments or links, is strictly prohibited.
If you believe that you may have received this communication
in error, please notify the sender immediately by return

e-mail message and delete the original and all copies of
the communication in its entirety.

--
Please sign this petition to Save Adoption & pass this link on to your friends and Social Medial accounts.  We
need your help to keep adoption open!

https://petitions.whitehouse.gov/petition/save-adoptions-reverse-80-decline-intercountry-adoptions-and-solve-us-
international-adoption-crisis

**Dr. Carol Albers, LPC**
President

**Adopt Abroad, Inc.**
1424 North 2nd Street
Harrisburg, PA  17102
**Ph: 1-888-526-4442**
**www.adopt-abroad.com**

This communication, together with any attachments or links
referenced herein, is for the sole use of the individual(s)
to whom it is addressed and may contain information that is
confidential, privileged, or legally protected. If you are not
an individual to whom this email is addressed, any disclosure,
copying, dissemination, distribution or use of this communication
and/or its attachments or links, is strictly prohibited.
If you believe that you may have received this communication
in error, please notify the sender immediately by return
e-mail message and delete the original and all copies of
the communication in its entirety.

--
Warm regards, Susan Weenink, LMSW Director of Social Work Services Adopt Abroad, Inc 888-526-4442 Sent
from mobile phone. Please excuse any typos.

--
Please sign this petition to Save Adoption & pass this link on to your friends and Social Medial accounts.  We need
your help to keep adoption open!

https://petitions.whitehouse.gov/petition/save-adoptions-reverse-80-decline-intercountry-adoptions-and-solve-us-
international-adoption-crisis

**Dr. Carol Albers, LPC**
President

**Adopt Abroad, Inc.**
1424 North 2nd Street
Harrisburg, PA  17102
**Ph: 1-888-526-4442**
**www.adopt-abroad.com**

This communication, together with any attachments or links
referenced herein, is for the sole use of the individual(s)
to whom it is addressed and may contain information that is
confidential, privileged, or legally protected. If you are not
an individual to whom this email is addressed, any disclosure,
copying, dissemination, distribution or use of this communication
and/or its attachments or links, is strictly prohibited.
If you believe that you may have received this communication
in error, please notify the sender immediately by return
e-mail message and delete the original and all copies of
the communication in its entirety.

--
Warm regards, Susan Weenink, LMSW Director of Social Work Services Adopt Abroad, Inc 888-526-4442 Sent from
mobile phone. Please excuse any typos.

# EXHIBIT B



# PCR/Commission Review Report

## Adopt Abroad Incorporated
### Harrisburg, PA

**3046**

| PCR Report Sent: | October 10, 2017 | PCR Response Due: | November 21, 2017 |
| --- | --- | --- | --- |
| Commission Report Sent: | | Commission Response Due: | |
| Commission Report Sent: | | Commission Response Due: | |
| Commission Report Sent: | | Commission Response Due: | |

**Summary of standards and related Evaluator Team non-compliance reason(s) that must be addressed prior to achieving accreditation:**

| Standard | Rating | Standard Value | Non-Compliance Reason(s) |
| --- | --- | --- | --- |
| *LCG 96.32.d* | 3 | C | EVALUATOR TEAM NON-COMPLIANCE REASONS: The agency has not clearly disclosed to COA information required under 96.32 (e).  There is substantial confusion concerning some individuals' designation as employees or supervised providers. Specifically some people who are employees are listed as supervised providers on the Collaborative Relationships Profile and other people |

COUNCIL ON ACCREDITATION

45 Broadway, 29th Floor, New York, NY  10006  •  toll free: 866-262-8088   tel: 212.797.3000   fax: 212.797.1428   www.coanet.org

| Standard | Rating | Standard Value | Non-Compliance Reason(s) |
|---|---|---|---|
| | | | who clearly function as employees (i.e. sign home studies done abroad as employees) are not listed in the Employee Profile. The Collaborative Relationships Profile for Foreign Providers is not complete nor accurate. For this reason, it is unclear if the agency: 1. has in place, per 96.32 (d), procedures and standards, pursuant to Sections 96.45 and 96.46, for the selection, monitoring, and oversight of supervised providers; 2. per 96.44 (a), the agency adheres to the provisions in Section 96.14(b) through (e); 3. ensures foreign supervised providers meet the requirements of 96.46 (a); and 4. ensures that foreign supervised providers are operating under written agreements that meet the standards of 96.46 (b). |
| *LCG 96.32.e* | 3 | C | EVALUATOR TEAM NON-COMPLIANCE REASONS: The agency has not clearly disclosed to COA information required under 96.32 (e). There is substantial confusion concerning some individuals' designation as employees or supervised providers. Specifically some people who are employees are listed as supervised providers on the Collaborative Relationships Profile and other people who clearly function as employees (i.e. sign home studies done abroad as employees) are not listed in the Employee Profile. The Collaborative Relationships Profile for Foreign Providers is not complete nor accurate. For this reason, it is unclear if the agency: 1. has in place, per 96.32 (d), procedures and standards, pursuant to Sections 96.45 and 96.46, for the selection, monitoring, and oversight of supervised providers; 2. per 96.44 (a), the agency adheres to the provisions in Section 96.14(b) through (e); |

| Standard | Rating | Standard Value | Non-Compliance Reason(s) |
|---|---|---|---|
| | | | 3. ensures foreign supervised providers meet the requirements of 96.46 (a); and 4. ensures that foreign supervised providers are operating under written agreements that meet the standards of 96.46 (b). |
| FRM 96.33.a | 3 | C | EVALUATOR TEAM NON-COMPLIANCE REASONS: The budget does not include anticipated revenue; it only shows expenses. |
| FRM 96.34.d | 4 | F | EVALUATOR TEAM NON-COMPLIANCE REASONS: Agency's Executive Director has sometimes been paid nothing for the year, and sometimes paid up to 1/3 of the agency budget. It is not clear how the evaluation is made that compensation is not unreasonably high. |
| EPR 96.35.b | 3 | C | EVALUATOR TEAM NON-COMPLIANCE REASONS: The agency has had a grievance filed against them by a prospective adoptive parent that was investigated by their state licensing department and found to be unsubstantiated. However, this written complaint was not disclosed in the Executive Verification form. |
| PQT 96.38.c | 3 | F | EVALUATOR TEAM NON-COMPLIANCE REASONS: The agency has not clearly documented that all their relevant employees receive the required amount of training. |
| IFQ 96.39.d | 3 | C | EVALUATOR TEAM NON-COMPLIANCE REASONS: The waiver of liability is too broad and general to meet the standard. |
| CRR 96.41.a | 3 | C | EVALUATOR TEAM NON-COMPLIANCE REASONS: The complaint procedure does not include contact information for the |

3

| Standard | Rating | Standard Value | Non-Compliance Reason(s) |
|---|---|---|---|
| | | | Hague Complaint Registry. |
| *CRR 96.41.c* | 3 | C | EVALUATOR TEAM NON-COMPLIANCE REASONS:<br>The policy does not address issues that are either time sensitive or involve allegations of fraud. |
| *CRR 96.41.h* | 4 | F | EVALUATOR TEAM NON-COMPLIANCE REASONS:<br>The agency is trying to increase the rate of response to surveys. However, they are not engaged in any systematic or documented effort to analyze results and use this analysis for improvement. |
| *SPD 96.44.a* | 3 | C | EVALUATOR TEAM NON-COMPLIANCE REASONS:<br>The agency has not clearly disclosed to COA information required under 96.32 (e). There is substantial confusion concerning some individual's designation as employees or supervised providers. Specifically some people who are employees are listed as supervised providers on the Collaborative Relationships Profile and other people who clearly function as employees (i.e. sign home studies done abroad as employees) are not listed in the Employee Profile. The Collaborative Relationships Profile for Foreign Providers is not complete nor accurate. For this reason, it is unclear if the agency:<br>1. has in place, per 96.32 (d), procedures and standards, pursuant to Sections 96.45 and 96.46, for the selection, monitoring, and oversight of supervised providers;<br>2. per 96.44 (a), the agency adheres to the provisions in Section 96.14(b) through (e) and properly discloses who provides services on the service plan;<br>3. ensures foreign supervised providers meet the requirements of 96.46 (a); and<br>4. ensures that foreign supervised providers are operating under |

Organization ID #: 3046
Site Visit Date: August 21, 2017
Page 5 of 8

| Standard | Rating | Standard Value | Non-Compliance Reason(s) |
|---|---|---|---|
| | | | written agreements that meet the standards of 96.46 (b). |
| SPD 96.46.a | 4 | F | EVALUATOR TEAM NON-COMPLIANCE REASONS: Over 50% of the foreign supervised provider files did not have element 3 completed in a clear enough manner. Please also see 96.32 (e). |
| SPD 96.46.b | 4 | F | EVALUATOR TEAM NON-COMPLIANCE REASONS: Foreign supervised provider agreements did not adequately address the following elements of the standard 1, 2, 4, 5, 6, 7, and 8. Please also see 96.32 (e). |
| IC 96.50.e | 3 | C | EVALUATOR TEAM NON-COMPLIANCE REASONS: The policy does not include any language about consulting the wishes of the child. |

5

**Summary of requested evidence to demonstrate compliance with the identified standards:**
*Note: Submit all evidence in the portal.*

| Standard | Requested Evidence |
|---|---|
| LCG 96.32 | Procedures and standards, pursuant to Sections 96.45 and 96.46, for the selection, monitoring, and oversight of supervised providers. *96.32 (d)* |
| LCG 96.32 | Revised Collaborative Relationships Profile indicating the name, address, and phone number of any entity the adoption service provider uses or intends to use as a supervised provider *96.32 (e)* |
| LCG 96.32 | Revised Employee Profile indicating the name, address, and phone number of each current director, manager, and employee of the agency or person; and, for any such individual who previously served as a director, manager, or employee of another provider of adoption services, the name, address, and phone number of such other provider *96.32 (e)* |
| LCG 96.32 | Narrative describing changes the agency made to the Employee Profile and Collaborative Relationships Profile, and if the agency has foreign employees, attach documentation demonstrating their employment status (for example, payroll documentation, employment offer letters and documentation of acceptance, and job descriptions). *96.32 (e)* |
| FRM 96.33 | Revised budget that includes agency's anticipated revenue *96.33 (a)* |
| FRM 96.33 | Minutes from the governing body meeting at which the revised budget was approved. *96.33 (a)* |
| FRM 96.34 | Comparative data documenting the provider's assessment of the reasonableness of its compensation for director and a description of their responsibilities *96.34 (d)* |
| EPR 96.35 | Revised Executive Verification, initialed by CEO and governing body chair. *96.35 (b)* |
| PQT 96.38 | Employee Profile indicating which employees provide services that require the application of clinical skills and judgment. *96.38 (c)* |

| Standard | Requested Evidence |
|---|---|
| PQT 96.38 | List of training completed for each of these employees, and copies of training certificates or other documentation of training completed. If any of the training titles are not clearly related to adoption, provide a description of the training content and a narrative describing how the training relates to adoption practice. **96.38 (c)** |
| IFQ 96.39 | Revised adoption service contract and other documents with waivers of liability, which are limited limited and specific. **96.39 (d)** |
| IFQ 96.39 | Documentation demonstrating that relevant employees are informed of the waivers (e.g., dated memo or minutes from the meeting at which they were informed of the waivers). **96.39 (d)** |
| CRR 96.41 | Revised complaint policy that includes contact information for the Hague Complaint Registry and addresses expedited review complaints that are time-sensitive or that involve allegations of fraud. **96.41 (a, c)** |
| CRR 96.41 | Governing body minutes where the policy was approved. **96.41 (a, c)** |
| CRR 96.41 | Evidence that employees are aware of the policy (e.g., dated memo to staff or minutes from meeting at which the policy was reviewed). **96.41 (a, c)** |
| CRR 96.41 | Evidence that clients have been informed of the revised policy and procedures. **96.41 (a, c)** |
| CRR 96.41 | Description of quality improvement methods and evidence the data has been aggregated and analyzed (e.g., reports on quality improvement data, minutes from meetings at which the data was reviewed). **96.41 (h)** |
| SPD 96.44 | Revised service plan and service planning procedures which address identification of supervised providers **96.44 (a)** |
| SPD 96.44 | Evidence that employees are aware of revisions to service planning procedures (e.g., dated memo to staff or minutes from meeting at which the procedures were reviewed). **96.44 (a)** |
| SPD 96.44 | Evidence from 5 cases demonstrating providers of the six adoption services are clearly identified. **96.44 (a)** |

7

Organization ID #: 3046
Site Visit Date: August 21, 2017
Page 8 of 8

| Standard | Requested Evidence |
|---|---|
| SPD 96.46 | Evidence that the provider obtained and evaluated suitability information prior to entering into each of the foreign supervised provider agreements with current foreign supervised providers **96.46 (a)** |
| SPD 96.46 | For current foreign supervised providers, copies of all fully executed foreign supervised provider agreements **96.46 (b)** |
| SPD 96.46 | Current Collaborative Relationships Profile. **96.46 (a, b)** |
| IC 96.50 | Revised procedures that address all elements of the standard **96.50 (e)** |
| IC 96.50 | Evidence that relevant employees are aware of the procedures (e.g., dated memo to staff or minutes from meeting at which the procedures were reviewed) **96.50 (e)** |

*Standard Value: M – Mandatory; C – Critical; F – Foundational*

*Sections Reviewed for this organization:*

| | |
|---|---|
| CRR | *Responding to Complaints and Records and Reports Management* |
| EPR | *Ethical Practices and Responsibilities* |
| FRM | *Financial and Risk Management* |
| IC | *Standards for Cases in which a Child is Immigrating to the U.S.* |
| IFQ | *Information Disclosure, Fee Practices, and Quality Control Policies and Practice* |
| LCG | *Licensing and Corporate Governance* |
| PQT | *Professional Qualifications and Training for Employees* |
| SPD | *Service Planning and Delivery* |

8

EXHIBIT C



# PCR/Commission Review Report

## Adopt Abroad Incorporated
### Harrisburg, PA

**3046**

| PCR Report Sent: | October 10, 2017 | PCR Response Due: | November 21, 2017 |
|---|---|---|---|
| Commission Report Sent: | January 11, 2018 | Commission Response Due: | |
| Commission Report Sent: | | Commission Response Due: | |
| Commission Report Sent: | | Commission Response Due: | |

**Summary of standards and related Evaluator Team non-compliance reason(s) that must be addressed prior to achieving accreditation:**

| Standard | Rating | Standard Value | Non-Compliance Reason(s) |
|---|---|---|---|
| EPR 96.35.b | 3 | C | Commission comment: The revised Executive Verification provided appears to contain a mistake and seems to indicate the agency is a for-profit corporation. Additionally, based on the information reviewed, it appears as though the agency has not provided COA with the self-report that would be required in relation to the complaint that was filed (see also 96.39 e). |

COUNCIL ON ACCREDITATION

45 Broadway, 29th Floor, New York, NY 10006  •  toll free: 866-262-8088   tel: 212.797.3000   fax: 212.797.1428   www.coanet.org

Organization ID #: 3046
Site Visit Date: August 21, 2017
Page 2 of 5

| Standard | Rating | Standard Value | Non-Compliance Reason(s) |
|---|---|---|---|
| | | | EVALUATOR TEAM NON-COMPLIANCE REASONS: The agency has had a grievance filed against them by a prospective adoptive parent that was investigated by their state licensing department and found to be unsubstantiated. However, this written complaint was not disclosed in the Executive Verification form. |
| IFQ 96.39.e | 3 | C | Commission Comment:  The agency has had a grievance filed against them that was investigated by their state licensing department and found to be unsubstantiated. However, the agency did not submit the required self-report to COA relating to this investigation. EVALUATOR TEAM NON-COMPLIANCE REASONS: |
| SPD 96.46.b | 4 | F | Commission Comment: All FSP Agreements provided were reviewed and it appears as though the agency has used different templates for the agreements over time, each version reflecting different compliance issues.  Some of the earlier versions of the agreement did not address elements 2, 4, 5 and 9-12.  Additionally, those versions of the agreement  state the forieng provider is "not a foreign supervised provider" and does not provide any adoption services, but the description of services found later in the agreement includes provision or facilitation of one or more of the adoption services.  A newer version of the agreement was used for some FSP which did address all elements of the standard but in some of those, (e.g., the agreement with Alisco Orphanage) included information on compensation which seems to suggest that fees are being paid for referrals (e.g., the foreign supervised provider is paid $2,500 "for an infant referral") which is not compliant with the requirements of 96.34. EVALUATOR TEAM NON-COMPLIANCE REASONS: Foreign supervised provider agreements did not adequately address |

2

Organization ID #: 3046
Site Visit Date: August 21, 2017
Page 3 of 5

| Standard | Rating | Standard Value | Non-Compliance Reason(s) |
|---|---|---|---|
| | | | the following elements of the standard 1, 2, 4, 5, 6, 7, and 8. Please also see 96.32 (e). |

3

Organization ID #: 3046
Site Visit Date: August 21, 2017
Page 4 of 5

**Summary of requested evidence to demonstrate compliance with the identified standards:**
*Note: Submit all evidence in the portal.*

| Standard | Requested Evidence |
|---|---|
| EPR 96.35 | Revised Executive Verification, initialed by CEO and governing body chair. **96.35 (b)** |
| IFQ 96.39 | Revised procedure for cooperating with reviews, inspections, audits and responding to requests for information and records from the accrediting entity or the Secretary and evidence that the agency has submitted the required self-report **96.39 (e)** |
| SPD 96.46 | Provide a revised template for foreign supervised provider agreements that addresses all elements of the standard, copies of any revised agreements with foreign supervised providers and a status report on the agency's efforts to get revised agreements signed (where the original agreement provided did not substantially comply with the standard **96.46 (b)** |

*Standard Value: M – Mandatory; C – Critical; F – Foundational*

*Sections Reviewed for this organization:*

4

Organization ID #: 3046
Site Visit Date: August 21, 2017
Page 5 of 5

CRR     *Responding to Complaints and Records and Reports*
        *Management*
EPR     *Ethical Practices and Responsibilities*
FRM     *Financial and Risk Management*
IC      *Standards for Cases in which a Child is Immigrating to the*
        *U.S.*
IFQ     *Information Disclosure, Fee Practices, and Quality Control*
        *Policies and Practice*
LCG     *Licensing and Corporate Governance*
PQT     *Professional Qualifications and Training for Employees*
SPD     *Service Planning and Delivery*

# EXHIBIT D



# PCR/Commission Review Report

## Adopt Abroad Incorporated
### Harrisburg, PA

### 3046

| PCR Report Sent: | October 10, 2017 | PCR Response Due: | November 21, 2017 |
|---|---|---|---|
| Commission Report Sent: | January 11, 2018 | Commission Response Due: | |
| Commission Report Sent: | March 21, 2018 | Commission Response Due: | April 18, 2018 |
| Commission Report Sent: | | Commission Response Due: | |

**Summary of standards and related Evaluator Team non-compliance reason(s) that must be addressed prior to achieving accreditation:**

| Standard | Rating | Standard Value | Non-Compliance Reason(s) |
|---|---|---|---|
| SPD 96.46.b | 4 | F | 3/15/18: Commission Comment: THe agency provided an update indicating that they have sent revised FSP contracts to all applicable providers and expect to receive them back in 30 days. The agency provided 3 documents labeled "templates" but one of those documents was a copy of another adoption service provider's FSP agreement, and was not a template customized for use by this agency. |

COUNCIL ON ACCREDITATION

45 Broadway, 29th Floor, New York, NY 10006 • toll free: 866-262-8088 • tel: 212.797.3000   fax: 212.797.1428   www.coanet.org

Organization ID #: 3046
Site Visit Date: August 21, 2017
Page 2 of 3

| Standard | Rating | Standard Value | Non-Compliance Reason(s) |
|---|---|---|---|
| | | | While the agency indicated that the revised FSP agreements were sent, no copies were provided so it was not possible to verify that those agreements meet all requirements of the standard. Commission Comment: All FSP Agreements provided were reviewed and it appears as though the agency has used different templates for the agreements over time, each version reflecting different compliance issues. Some of the earlier versions of the agreement did not address elements 2, 4, 5 and 9-12. Additionally, those versions of the agreement state the forieng provider is "not a foreign supervised provider" and does not provide any adoption services, but the description of services found later in the agreement includes provision or facilitation of one or more of the adoption services. A newer version of the agreement was used for some FSP which did address all elements of the standard but in some of those, (e.g., the agreement with Alisco Orphanage) included information on compensation which seems to suggest that fees are being paid for referrals (e.g., the foreign supervised provider is paid $2,500 "for an infant referral") which is not compliant with the requirements of 96.34. EVALUATOR TEAM NON-COMPLIANCE REASONS: Foreign supervised provider agreements did not adequately address the following elements of the standard 1, 2, 4, 5, 6, 7, and 8. Please also see 96.32 (e). |

2

Organization ID #: 3046
Site Visit Date: August 21, 2017
Page 3 of 3

**Summary of requested evidence to demonstrate compliance with the identified standards:**
*Note: Submit all evidence in the portal.*

| Standard | Requested Evidence |
|---|---|
| *SPD 96.46* | Provide a revised template for foreign supervised provider agreements - Hague countries that is customized for use by the agency and that addresses all elements of the standard, and copies of all revised agreements with foreign supervised providers (sent for signature or fully executed) and a status report on the agency's efforts to get each revised agreement signed (where the original agreement provided did not substantially comply with the standard) *96.46 (b)* |

*Standard Value: M – Mandatory; C – Critical; F – Foundational*

*Sections Reviewed for this organization:*

CRR          *Responding to Complaints and Records and Reports
             Management*
EPR          *Ethical Practices and Responsibilities*
FRM          *Financial and Risk Management*
IC           *Standards for Cases in which a Child is Immigrating to the
             U.S.*
IFQ          *Information Disclosure, Fee Practices, and Quality Control
             Policies and Practice*
LCG          *Licensing and Corporate Governance*
PQT          *Professional Qualifications and Training for Employees*
SPD          *Service Planning and Delivery*

3

# EXHIBIT E



**U.S. SMALL BUSINESS ADMINISTRATION**
**WASHINGTON, D.C. 20416**

OFFICE OF THE NATIONAL OMBUDSMAN                    **APR 0 4 2018**

Mr. Carol L. Kinley Albers
President
Adopt Abroad, Inc.
1424 North 2nd Street
Harrisburg, PA 17102

Dear Mr. Albers:

As indicated in my correspondence dated March 16, 2018, your comment regarding a suspension notice issued by the Council on Accreditation (COA), the U.S. Department of State (DOS) Office of Children's Issues' accrediting entity was referred to DOS for review and a response. I have enclosed a copy of the response with this letter.

If you have any questions or further concerns, please contact Ms. Cynthia Pope, Case Manager, at (202) 205-2417 or Ombudsman@sba.gov.

Sincerely,

Nathan J. Miller
National Ombudsman and
Assistant Administrator for Regulatory Enforcement Fairness

encl.

NJM/cdp



United States Department of State

*Washington, D.C.   20520*

March 26, 2018

Ms. C. Natalie Lui Duncan
Deputy National Ombudsman
Office of the National Ombudsman
U.S. Small Business Administration
Washington, DC  20416

RE:  Your Letter to Director Price, U.S. Department of State, Office of Small and Disadvantaged Businesses, Concerning the Comment by Ms. Carol K. Albers, President, Adopt Abroad, Inc.

Dear Ms. Duncan,

Thank you for your letter of March 16, 2018, regarding the comment received from Ms. Carol Albers, President of Adopt Abroad, Inc., concerning a notice of accreditation suspension from the Council on Accreditation.

The Department designates accrediting entities to perform accreditation and approval functions and other tasks including the review of complaints regarding intercountry adoption service providers (ASPs) pursuant to section 202 of the Intercountry Adoption Act of 2000 (IAA), and section 96.4, 96.6 and 96.7 of Title 22 of the Code of Federal Regulations (CFR). The Department does not contemporaneously review an accrediting entity's accreditation or approval decisions, or adverse actions per 22 CFR 96.82(a). The responsibility for determining whether to grant accreditation or approval rests solely with the accrediting entity.

The Council on Accreditation (COA) is the accrediting entity that reviewed Adopt Abroad, Inc.'s application for accreditation renewal.  In accordance with 22 CFR 96.27(a) of the accreditation regulations, "The accrediting entity may not grant an agency accreditation or a person approval, or permit an agency's or person's accreditation or approval to be maintained, unless the agency or person demonstrates to the satisfaction of the accrediting entity that it is in substantial compliance with the standards in subpart F of [22 CFR Part 96]." In doing so, the accrediting entity is required under 22 CFR 96.24(b)(3) to "consider any complaints received by the accrediting entity."  Further, 22 CFR 96.75 provides that, "The accrediting entity *must* take adverse action when it determines that an accredited agency or approved person may not maintain accreditation or approval as provided in §96.27." (*Emphasis added.*)  For greater insight into COA's decision making process and its imposition of adverse actions, we refer Ms. Albers to COA at haguesupport@coa.net or (212) 797-3000.

If Adopt Abroad, Inc., has other questions about COA's accreditation decision-making process, it may wish to consult COA's Hague Accreditation Policy & Procedure Manual, Chapter IX: Decision-Making, and/or Subpart E of the intercountry adoption accreditation regulations in 22 CFR Part 96, which cover the accrediting entity's evaluation of applicants for accreditation. Subpart K of the regulation concerns adverse action by an accrediting entity.

In response to the specific questions you raised:

**Q1:** Why and how did you propose the enforcement or compliance action(s)?

- **Response to Q1:** The Department has not taken any enforcement or compliance actions with regard to Adopt Abroad, Inc. The actions discussed in Adopt Abroad, Inc.'s comment relating to compliance with applicable standards in the accreditation regulation, 22 CFR Part 96, were taken by and are the responsibility of the accrediting entity, in this case, COA.

- An ASP may file a complaint against COA. COA will review and address the complaint in accordance with its policies and procedures posted on its website. A link to the manual is found on this page (http://coanet.org/accreditation/hague-accreditation-and-approval/); the section on complaints against COA is located in chapter XVII, beginning on page 82 of the manual.

- If an ASP seeks a review by COA of its adverse action decision, it may seek that review using the process comprehensively explained in chapter XIII of COA's policies and procedures manual, beginning on page 61.

**Q2:** Did your agency provide the business an opportunity to come into compliance?

- **Response to Q2:** Not applicable. Please see the response to Q1.

**Q3:** Did you review the action(s) of agency personnel to ensure compliance with your agency's policies and procedures?

- **Response to Q3:** Department of State personnel played no role in formulating or imposing the actions described by the commenter. Under 22 C.F.R. 96.28(a), the Department may not conduct an administrative review of an accrediting entity's decision to take adverse action.

**Q4:** Were your agency's regional and program offices responsive to the small business? If so, please cite some examples.

- **Response to Q4:** Not applicable. Please see the response to Q1.

**Q5:** Did your agency consider any alternatives to the proposed enforcement or compliance action?

- **Response to Q5:** Not applicable. Please see the response to Q1.

**Q6:** As a result of the issues raised by this small business concern, has your agency implemented any changes to address this situation in the future? If so, please describe the changes implemented.

- **Response to Q6:** Not applicable. Please see the response to Q1.

**Q7:** Did your agency evaluate the impact of the enforcement or compliance action on the continued operation of the small business? If so, after such evaluation, was your initial decision modified?

- **Response to Q7:** Not applicable. Please see the response to Q1.

If you have any additional questions, please contact the Office of Children's Issues at adoption@state.gov.

Sincerely,

Theodore "Ted" Coley
Director, Office of Children's Issues