The Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

FAITH INTERNATIONAL ADOPTIONS, a Washington State non-profit corporation; AMAZING GRACE ADOPTIONS, a North Carolina non-profit corporation; and ADOPT ABROAD INCORPORATED, a Pennsylvania non-profit corporation,

Plaintiffs,

v.

MICHAEL R. POMPEO, Secretary for the United States Department of State, in his official capacity; CARL C. RISCH, Assistant Secretary of State for Consular Affairs, in his official capacity; BETH PAYNE, Director of the Office of Children's Issues, in her official capacity; UNITED STATES DEPARTMENT OF STATE; and COUNCIL ON ACCREDITATION FOR CHILDREN AND FAMILY SERVICES, INC.,

Defendants

Case No. 2:18-CV-00731 RBL

**DECLARATION OF DONNAS B. KINTON, ON BEHALF OF AMAZING GRACE ADOPTIONS, IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

I, Donnas B. Kinton, Executive Director of Amazing Grace Adoptions ("AGA"), do hereby declare as follows:

**I.      Donnas B. Kinton's Competency to Supply This Declaration.**

1.      I am over eighteen and am competent to make this declaration based upon personal knowledge unless otherwise stated.

DECLARATION OF DONNAS B. KINTON IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION - 2:18-CV-00731

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104-7097
+1 206 839 4300

2. I am the Secretary & Executive Director of AGA, a 501(c)(3) non-profit child placement agency, licensed in the State of North Carolina and the State of Florida. The agency was created specifically to offer counseling services to pregnant women in North Carolina and provide adoption services to qualified families for both domestic and international adoptions.

3. AGA's organizational structure consists of the Board of Directors, Secretary/Executive Director, and Administrative Person, Case Workers (MSW and BSW) and multiple contracted social workers (MA).

4. As AGA's Executive Director, I oversee AGA's operations, and I am personally familiar with them. AGA has regular staff meetings, on an as needed basis, in which all adoption programs and all client cases and status were reviewed.

5. Sheila Teague, MSW, is the lead Social Worker. She provides oversight of the contracted social workers, performs home studies, reviews and approves all home studies, pre-placement reports and post-placement reports, and provides case management.

6. Jennifer Holladay is an Adoption Case Worker. Jennifer provides adoption home study services, pre-and post-placement reports, home study reviews and case management.

7. Olivia McCluskey is the Administrative Assistant/Adoptive family coordinator. Olivia handles client intake calls and file management. She manages all the mail and is responsible for uploading data onto AGA's inter-agency communication.

8. Since its inception AGA has provided birth parent counseling, domestic and international adoption services, post placement supervision, pre and post adoption services.

## II. AGA Hague Accreditation History

9. AGA was incorporated in 1999. AGA has been an agency licensed under North Carolina law to perform child placement services since 1999 and in the State of Florida since 2015.

10. AGA has, until recently, been Hague-accredited since 2008. AGA applied for reaccreditation for the first time in 2013. COA granted AGA's reaccreditation application,

DECLARATION OF DONNAS B. KINTON IN
SUPPORT OF PLAINTIFFS' MOTION FOR   - 2 -
PRELIMINARY INJUNCTION - 2:18-CV-00731

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104-7097
+1 206 839 4300

which set a new accreditation expiration date of March 31, 2017. AGA then received a special one-year accreditation extension available to over 90 agencies under a State Department regulation, which extended AGA's accreditation expiration date to March 31, 2018. AGA has never received a refusal of any of its reaccreditation applications. Until now, AGA's experience with the IAA accreditation or reaccreditation application processes has been smooth, for the most part.

11. AGA began its most recent reaccreditation application in December of 2017, after I had to delay filing the application for family and health struggles. AGA filed its renewal application, completed its renewal agreement on December 15, 2017 and paid its renewal fee before December 27, 2017. AGA's site visit was scheduled for April 11-13, 2018. As of November 20, 2017, when COA issued guidance for which renewal applications it would handle, AGA was accredited. COA continued to process AGA's latest reaccreditation application until March 31, 2018.

12. AGA is unaware of any reaccreditation application ever being treated as a "refusal to renew" an agency's accreditation. AGA has always understood COA to have discretion to defer such applications, even after an accreditation expires, for ultimate decision with COA.

### III. Harms to AGA due to the State Department's Action

13. AGA will endure financial harm, because it will imminently lose significant revenue over time if its reaccreditation application remains considered as a "refusal to renew" by COA, because AGA will need to apply as if it were a new accreditation applicant. Comparing historical delay in deciding a new accreditation application with any delay with COA's continuing to process and decide AGA's accreditation renewal application shows that the former process, which would take many months, would in turn greatly exacerbate the financial losses that AGA would suffer by being forced to follow the latter process. Indeed, AGA's viability could be uncertain going forward.

DECLARATION OF DONNAS B. KINTON IN
SUPPORT OF PLAINTIFFS' MOTION FOR — - 3 -
PRELIMINARY INJUNCTION - 2:18-CV-00731

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104-7097
+1 206 839 4300

14. On average, AGA generates the following revenue to conduct its operations. AGA cannot sustain these losses over a significant period of time, particularly while it awaits an accrediting decision that would require a brand new accreditation application for Hague accreditation status.

| International Hague Home Studies | Approximate No. of Adoption Cases Lost per year | Approximate Revenue Cost per Case | Total Projected Loss |
|---|---|---|---|
| Various countries | 35-40 | $1,800 | $63,000-$72,000 |
| Post Placement Supervision | 15 (multiple visits) | $300 per visit | $13,500 |
| Homestudy Updates | 10 | $900 | $9,000 |

15. These financial harms could be minimized if COA could complete processing AGA's reaccreditation application immediately.

16. The loss of the ability to serve international adoptive families and potentially open new programs, which derives from the financial harms that AGA has begun to feel, harms AGA's ability to fulfill its stated organizational commitment to providing loving and nurturing adoptive parents for children throughout the world who need a permanent family and stated dedication to matching caring parents with children who need them. Although AGA is a small agency, losing us will be a loss to the capacity of international adoptions overall.

17. These harms to AGA's organizational mission and operations could be minimized if COA could complete processing AGA's reaccreditation application immediately.

18. AGA will also endure reputational injury from its loss of accreditation. Many prospective adoptive families have come to trust and promote AGA for its commitment to ethical adoption practice, to the best interest to the family as a fundamental social group, and to the best interests of children everywhere. By losing its accreditation for any extended period, AGA's reputation will erode with the public and perhaps even the families who came to trust AGA over many years.

DECLARATION OF DONNAS B. KINTON IN
SUPPORT OF PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION - 2:18-CV-00731

- 4 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104-7097
+1 206 839 4300

19.     This reputational harm could be minimized if COA could complete processing AGA's reaccreditation application immediately.

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct.

Dated this 21st day of June, 2018, in Washington, D.C.

*/s/ Donnas B. Kinton*
Donnas B. Kinton, Executive Director
Amazing Grace Adoptions

DECLARATION OF DONNAS B. KINTON IN
SUPPORT OF PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION - 2:18-CV-00731

- 5 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104-7097
+1 206 839 4300

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of the filing to all counsel of record.

DATED: June 21, 2018

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: /s/ Robert M. McKenna
Robert M. McKenna (WSBA No. 18327)
rmckenna@orrick.com

701 Fifth Avenue, Suite 5600
Seattle, WA 98104-7097
Telephone: 206-839-4300
Facsimile: 206-839-4301