1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        WESTERN DISTRICT OF WASHINGTON

10   FAITH INTERNATIONAL ADOPTIONS,
     a Washington State non-profit corporation;
11   AMAZING GRACE ADOPTIONS, a North
     Carolina non-profit corporation; and
12   ADOPT ABROAD INCORPORATED, a
     Pennsylvania non-profit corporation,
13
                   Plaintiffs,
14
                                                    Case No. 2:18-CV-00731 RBL
          v.
15
                                                    **DECLARATION OF COREY
16   MICHAEL R. POMPEO, Secretary for the           GARRETT IN SUPPORT OF
     United States Department of State, in his      PLAINTIFFS' MOTION FOR
17   official capacity; CARL C. RISCH,              PRELIMINARY INJUNCTION**
     Assistant Secretary of State for Consular
18   Affairs, in his official capacity; BETH
     PAYNE, Director of the Office of Children's
19   Issues, in her official capacity; UNITED
     STATES DEPARTMENT OF STATE, and
20   COUNCIL ON ACCREDITATION FOR
     CHILDREN AND FAMILY SERVICES,
21   INC.,

22                 Defendants

23

     I, Corey Garrett, hereby declare as follows:
24
          1.      I am over eighteen and am competent to make this declaration based upon
25
     personal knowledge unless otherwise stated.
26
          2.      In early 2013, I felt called to adopt a child from Guinea. As I learned from my
27
     wife Katherine, she began considering adoption in college. After our marriage, we discussed
28
     DECLARATION OF COREY GARRETT IN                        ORRICK, HERRINGTON & SUTCLIFFE LLP
     SUPPORT OF PLAINTIFFS' MOTION FOR                             701 Fifth Avenue, Suite 5600
     PRELIMINARY INJUNCTION                                      Seattle, Washington  98104-7097
                                                                       +1 206 839 4300

1   the possibility of adopting and knew that it would occur in our future. We had three biological

2   daughters after marrying. We knew our family was not yet complete and thus, decided to begin

3   the adoption process once they had grown older.

4         3.     We have resided in Western Africa for a substantial amount of time as a

5   missionary family. When researching various adoption programs, we decided to adopt from

6   Guinea due to the ethical approach the country takes towards adoption. In addition, we felt a

7   connection to Guinea due to its proximity to and shared cultural heritage with Senegal, where

8   we currently reside. We were aware that Guinea has many orphaned children because of

9   poverty and felt that we could provide a heathy, stable, loving environment for a child who did

10  not have a family of its own.

11        4.     After researching Faith International's Guinea program, we chose to apply. We

12  submitted our application on October 1, 2013. We completed our home study on February 13,

13  2014. We were approved to adopt up to three children of either gender between birth and three

14  years of age. We wished to adopt at least two children. We were also open to considering a

15  child with medical conditions. Once our home study was complete, we filed our immigration

16  approval and were approved by the United States Department of Homeland Security to adopt

17  from Guinea the summer of 2014. We compiled and submitted our dossier, then began waiting

18  for a referral. We anticipated that this would take at least one year.

19        5.     It took two years for our family to receive a referral. On December 7, 2016, we

20  received the referrals of two male children, William and Jacob. William and Jacob were two

21  years of age at this time. Their biological family abandoned them. We were ecstatic to receive

22  our referral. After reviewing the referral information in detail, we accepted the referrals of both

23  William and Jacob. We hoped that the adoption process would continue in a quick and smooth

24  manner.

25        6.     Our adoption of William and Jacob was finalized on January 16, 2018. We

26  awaited the Hague conformity certificate and certificate of non-appeal, which were received a

27  few weeks later. The passports for William and Jacob were then applied for in March 2018.

28

DECLARATION OF COREY GARRETT IN
SUPPORT OF PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION

- 2 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1 206 839 4300

7.    We were aware that we would be able to receive custody anytime, given that our adoption decree had been issued. We purchased plane tickets and made arrangements to arrive in Guinea on April 19, 2018 to receive custody of William and Jacob. Faith International Adoptions ("FIA"), who was helping us with our adoption of William and Jacob, submitted a request for a visa interview to take place on May 2, 2018 or May 9, 2018. We were incredibly excited that this time had finally come.

8.    On March 30, 2018, we received an email notification from FIA that the Council on Accreditation ("COA") had just notified FIA that COA could not review the information that FIA had submitted for their PCR report until April 19, 2018. The failure by COA to complete the accreditation in a timely manner unfortunately would result in a lapse in FIA's accreditation. FIA advised our family immediately that they were unable to provide any further Hague adoption services for our family. As we had already completed our adoption, no Hague adoption services remained. However, FIA advised our family that we should still utilize a new primary provider to oversee the remainder of our process including the visa interview. FIA began the process of identifying a new primary provider for our family right away.

9.    All Blessings International agreed to act as the primary provider for our family due to the lapse of Faith International's accreditation. We completed the necessary application and contracts with their agency in the beginning of April 2018. FIA advised the US Embassy in Dakar, Senegal, that All Blessings International would be serving as the primary provider on behalf of our family. FIA also asked that the US Embassy in Dakar provide confirmation of the visa interview to All Blessings and our family. All Blessings required a $2,500.00 fee. It was necessary for our family to fundraise for these new adoption costs.

10.   We traveled and received custody of Jacob and William on April 24, 2018. We still had not received confirmation of our visa interview from the Embassy, despite FIA requesting it several weeks prior. We contacted the US Embassy in Dakar, Senegal by email on several occasions. On April 17, 2018, we received an email from the US Embassy which

DECLARATION OF COREY GARRETT IN
SUPPORT OF PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION

- 3 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1 206 839 4300

1   stated that our adoption cases had been placed in administrative review. The Embassy advised

2   us that a visa interview would not be scheduled on our behalf until the review was complete.

3        11.     We remain unsure as to why our adoption cases were placed in administrative

4   review. We have already received the necessary approvals from the United States Government,

5   as well as the Guinean government, including the Article 5 letter indicating the adoptions had

6   been completed in accordance with the Hague Convention on Adoption. We inquired as to

7   why our cases had been placed in administrative review, and questioned whether it was

8   affiliated with the lapse of accreditation at FIA. To date, we have not received any additional

9   information about the administrative review for our family.

10        12.     Our adoption cases have now been under administrative review for seven (7)

11   weeks. The US Embassy in Dakar will not provide information as to what they are reviewing;

12   will not provide an approximate timeframe for completion; and will not allow us to make an

13   appointment with their office. We are truly at a loss with regards to what they could be

14   reviewing or looking for. On April 30, 2018, the Department of State issued the following

15   statement to All Blessings International after they inquired about administrative review: "Since

16   the case is in administrative processing, there is no additional information available at this

17   time.  Visa records, including information about interviews, investigations, and other matters

18   pertaining to visa issuance or refusal, are confidential under Section 222(f) of the Immigration

19   and Nationality Act.  This law prevents the U.S. government from sharing information about

20   the status of particular visa applications. Because each adoption case is unique, we cannot

21   provide a specific estimate for when this step will be concluded." They continue to withhold

22   any information pertaining to our adoption. We are continuing to wait in limbo until they

23   provide further guidance.

24        13.     However, we are also aware that not only did FIA's accreditation lapse, but the

25   State Department treated COA's deferral of decision on FIA's accreditation renewal

26   application as if it were a refusal to renew FIA's Hague Convention accreditation. We do not

27   know (and cannot know, because the US Government will not tell us) for sure whether the

28

DECLARATION OF COREY GARRETT IN
SUPPORT OF PLAINTIFFS' MOTION FOR     - 4 -
PRELIMINARY INJUNCTION

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1 206 839 4300

State Department's senseless "refusal to renew" interpretation triggered heightened scrutiny of our adoption of William and Jacob, but we do know that the extraordinary delay comes in spite of all the hard work that FIA, among others, have put in despite losing its accreditation. Had FIA at least been able to complete its reaccreditation application with COA, we do not believe we would be in this situation today.

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct.

Dated this ___7th___ day of June 2018, in Kaffrine, Senegal.

Corey Garrett

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097

1

2                                    **CERTIFICATE OF SERVICE**

3          I hereby certify that on the date below, I caused the foregoing document to be

4   electronically filed with the Clerk of the Court using the CM/ECF system which will send

5   notification of the filing to all counsel of record.

6

7

8   DATED:  June 21, 2018                    ORRICK, HERRINGTON & SUTCLIFFE LLP

9
                                            By:   */s/ Robert M. McKenna*
10                                             Robert M. McKenna (WSBA No. 18327)
                                               rmckenna@orrick.com
11
                                               701 Fifth Avenue, Suite 5600
12                                             Seattle, WA  98104-7097
                                               Telephone:   206-839-4300
13                                             Facsimile:   206-839-4301

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF COREY GARRETT IN
SUPPORT OF PLAINTIFFS' MOTION FOR         - 6 -
PRELIMINARY INJUNCTION

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1 206 839 4300