HONORABLE RONALD B. LEIGHTON

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FAITH INTERNATIONAL ADOPTIONS, a Washington State non-profit corporation, AMAZING GRACE ADOPTIONS, a North Carolina non-profit corporation; and ADOPT ABROAD INCORPORATED, a Pennsylvania non-profit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL R. POMPEO, Secretary for the United States Department of State, in his official capacity; CARL C. RISCH, Assistant Secretary of State for Consular Affairs, in his official capacity; THEODORE R. COLEY, Director of the Office of Children's Issues, in his official capacity UNITED STATES DEPARTMENT OF STATE; and COUNCIL ON ACCREDITATION FOR CHILDREN AND FAMILY SERVICES, INC., a New York not-for-profit corporation,<br><br>Defendants. | NO. 2:18-cv-00731-RBL<br><br>**DEFENDANT COUNCIL ON ACCREDITATION FOR CHILDREN AND FAMILY SERVICES, INC.'S RESPONSE TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

DEFENDANT COUNCIL ON ACCREDITATION FOR CHILDREN AND FAMILY SERVICES, INC. RESPONSE TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

(CASE NO. 2:18-cv-00731-RBL)

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

## I.  INTRODUCTION

Plaintiffs' Motion for Preliminary Injunction and Complaint both make clear that their dispute is, appropriately, with actions taken by the U.S. Department of State (the "State Department"), and not with any conduct by the Council on Accreditation for Children and Family Services, Inc. ("COA"). Plaintiff alleges no wrongful conduct by COA, and it appears that COA was only named as a party to this lawsuit because, as an accrediting entity, it served as a sort of intermediary between the Plaintiffs and the State Department. Accordingly, COA takes no position on the merits of Plaintiffs' Motion for Preliminary Injunction as it applies to the State Department, but submits this response principally to explain its own, extremely limited role related to the parties' dispute, and to provide the Court with additional, relevant information regarding the sudden reversal by the State Department that led to this case.

Prior to this lawsuit, COA was fully prepared to complete its review of Plaintiffs' reaccreditation applications in a timely fashion, in accordance with 22 CFR 96.63(c). Declaration of Jayne Schmidt at ¶ 9, Ex. C ("Schmidt Decl."). COA ceased this review only because the State Department directed COA *not* to complete it. *Id.* ¶¶ 10–11. This decision by the State Department was the entire genesis of this dispute. *See, e.g.*, Compl. ¶ 7. Indeed, as of today, if the Court orders the State Department to retract its direction to cease review of the applications, as requested by Plaintiffs, COA is still prepared to complete its review as long as the order becomes effective with enough time for COA to review Plaintiffs' applications before COA ceases to be an accrediting entity on December 14, 2018.

## II.  BACKGROUND

COA was, until recently, the sole organization in the United States responsible for accrediting international adoption service providers under the Intercountry Adoption Act ("IAA"). COA occupied this role pursuant to a Memorandum of Agreement with the State Department. Schmidt Decl. ¶ 3. As the accrediting entity, COA was responsible for evaluating

DEFENDANT COUNCIL ON ACCREDITATION
FOR CHILDREN AND FAMILY SERVICES, INC.
RESPONSE TO PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION

(CASE NO. 2:18-cv-00731-RBL) – 1

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

each of the Plaintiffs' reaccreditation applications, at the behest of the State Department. *Id.* ¶ 9. And it was in the midst of processing those applications as of March 30, 2018—when the State Department, acting unilaterally, suddenly deemed Plaintiffs' applications refused and prohibited COA from taking any further action on them. *Id.* ¶¶ 9–10, Ex. C.

### A. The State Department's Prior Practice Was to Defer to COA's Discretion to Defer Reaccreditation Decisions.

Each time COA processes an application for reaccreditation, it strives to reach a final decision before the applicant's current accreditation expires. Prior to the events underlying this lawsuit, however, COA sometimes would defer decisions on reaccreditation applications past the expiration dates, when it needed additional information from applicants. Schmidt Decl. ¶ 4. This type of deferral is explicitly permitted by the IAA implementing regulations, which provide that, "[b]efore deciding whether to renew the accreditation or approval of an agency or person, <u>the accrediting entity may, in its discretion</u>, advise the agency or person of any deficiencies that may hinder or prevent its renewal and <u>defer a decision to allow the agency or person to correct the deficiencies</u>." 22 CFR 96.63(c) (emphasis added). In adopting this regulation, the State Department explicitly acknowledged that a deferral may extend a reaccreditation decision beyond the expiration date of the prior accreditation. Hague Convention on Intercountry Adoption, 71 Fed. Ref. 8063, 8115 (Feb. 15, 2006) (codified at 22 CFR 96) (explaining there was no need to incorporate a probationary status into the reaccreditation regulation because "§ 96.63(c) provides that an accrediting entity may defer its renewal decision in order to give an accredited agency or approved person notice of any deficiencies and an opportunity to correct them before the accrediting entity decides whether to renew the accreditation or approval").

Prior to the applications submitted by Plaintiffs, COA had deferred consideration of at least eight separate reaccreditation applications submitted by other entities, and their accreditation expired while the applications remained under review. Schmidt Decl. ¶ 5. In six

DEFENDANT COUNCIL ON ACCREDITATION
FOR CHILDREN AND FAMILY SERVICES, INC.
RESPONSE TO PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION

(CASE NO. 2:18-cv-00731-RBL) – 2

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

of those cases, COA ultimately granted reaccreditation after the providers' accreditation expired. *Id.* In the remaining cases, the agencies withdrew their applications on their own initiative, *id.*, meaning that COA did not ultimately deny any of these eight applications. And in each of these cases, the State Department was aware that COA was continuing to process and make final decisions on reaccreditation applications after the providers' accreditation had otherwise expired. *Id.* ¶ 6. Yet, in *none* of those eight cases did the State Department regard COA's deferral as a refusal. *Id.* ¶¶ 4, 6.

Indeed, the State Department was well-aware of—and implicitly consented to—COA's practice of deferring decision-making on accreditation renewals past the expiration deadlines of prior accreditations. COA explicitly explained the deferral process to the State Department, and the State Department never took issue with that process until it unilaterally reversed course this year. For example, on April 12, 2016, COA's Director of Hague Accreditation, Jayne Schmidt, emailed the State Department's then-current Accrediting Entity Liaison, Valerie Barlow. Schmidt Decl. ¶ 7, Ex. A. In that email, Ms. Schmidt specifically wrote that "[t]here are instances where the [adoption service provider] may not provide sufficient documentation of the corrections [of any deficiencies in their application], and [COA's Accreditation] Commission defers their decision and requests additional evidence *which can extend the timeline*[.]" *Id.* (emphasis added). As Ms. Schmidt further explained, "[i]f the ASP's accreditation/approval expires" while the application is still pending, COA *continues to process the application* by "mak[ing] significant efforts to expedite tasks we complete." *Id.*; *see also id.* ¶ 8, Ex. B (March 30, 2016, email from Ms. Barlow to Ms. Schmidt "summar[izing] . . . our conversation" about an ASP for whom a reaccreditation decision would not be made until two weeks following the prior expiration). The State Department did not take issue with any of the foregoing information provided by COA, and COA understood that the State Department agreed that its approach to deferring consideration of applications was appropriate. *Id.* ¶ 8.

DEFENDANT COUNCIL ON ACCREDITATION
FOR CHILDREN AND FAMILY SERVICES, INC.
RESPONSE TO PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION

(CASE NO. 2:18-cv-00731-RBL) – 3

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

B. **The State Department Precluded Review of Plaintiffs' Applications.**

As Plaintiffs detail in their Complaint, COA was not permitted to complete its review of Plaintiffs' applications for reaccreditation under the IAA. As of March 30, 2018, COA had exercised its discretion to defer consideration of Plaintiffs Faith International Adoptions' and Adopt Abroad Incorporated's reaccreditation applications beyond their original deadlines to evaluate additional information from the applicants. Schmidt Decl. ¶ 9. COA was also in the midst of processing Plaintiff Amazing Grace Adoptions' reaccreditation application, with a site visit scheduled for April 11, 2018. *Id.* Nonetheless, one day before Plaintiffs' accreditations were set to expire, the State Department decided—for the first time—to construe COA's deferrals of Plaintiffs' reaccreditation applications as denials of those applications. *Id.* ¶ 10. Specifically, on March 30, 2018, the State Department unilaterally instructed COA to stop processing the Plaintiffs' applications and informed COA that it would deem COA's exercise of discretion to *defer a decision* on the applications to be a *denial* instead. *Id.* ¶¶ 10, 12, Ex. C.

The about-face decision to treat COA's deferrals as refusals originated exclusively with the State Department, and was done without prior adjudication or final rulemaking. *Id.* ¶¶ 11, 13. The State Department's decision to treat COA's deferrals as refusals was also contrary to COA's intent as the accrediting entity. *Id.*

C. **COA Remains Prepared to Process Plaintiffs' Applications, If Permitted to Do So, But Only Until December 14, 2018.**

As Plaintiffs allege, the State Department's decision to treat COA's deferrals as refusals was part of a broader move by the Department "to expand [its] scrutiny of intercountry adoptions." Compl. ¶ 7. Owing to disputes regarding the State Department's new policies, COA and the State Department are terminating their relationship, which will be effective December 14, 2018. Schmidt Decl. ¶ 14. As of that date, COA will no longer have any authority to make accreditation decisions under the IAA. *Id.*

DEFENDANT COUNCIL ON ACCREDITATION
FOR CHILDREN AND FAMILY SERVICES, INC.
RESPONSE TO PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION

(CASE NO. 2:18-cv-00731-RBL) – 4

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

Given the current state of Plaintiffs' applications, COA estimates it would take approximately 45–60 days to complete its review of Plaintiffs' applications, assuming they contain no additional deficiencies. *Id.* ¶ 15. Accordingly, unless COA is permitted to resume its review of Plaintiffs' applications on or before November 1, 2018, it will not be practicable for it to complete the process before it ceases to be the accrediting entity under the IAA.

### III. ARGUMENT

#### A. COA Did Not Take Adverse Action Against Plaintiffs.

COA has not refused any of Plaintiffs' applications for reaccreditation. Nor has COA taken any other adverse action with respect to Plaintiffs' applications. The IAA and the implementing regulations enumerate five separate "adverse actions" COA was empowered to take to enforce compliance with the requirements of the IAA. 42 U.S.C. § 14922; 22 CFR 96.75; *see also* 22 CFR 96.79(b) ("Adverse actions are only those actions listed in § 96.75."). These include, among other things, refusing to renew, canceling, and suspending providers' applications. 22 CFR 96.75. Deferral is *not* an adverse action as defined by the IAA or regulations. *Id.* Instead, the regulations expressly give the accrediting agency "discretion" to "defer a decision" on an application pending its ongoing review—which is all that COA did in this case. *See* 22 CFR 96.63(c). COA has therefore not taken any adverse action against any Plaintiff in this suit.[1]

Further, under the IAA and its implementing regulations, COA would ordinarily be empowered to give adoption service providers the opportunity to challenge any adverse action, and to rescind the action upon a showing that the action was not or is no longer warranted. 42 U.S.C. § 14922(c)(1); 22 CFR 96.76(b). Thus, even if deferrals could be considered adverse

---

[1] In at least one email to a Plaintiff in this suit, the State Department has apparently taken the position that COA's deferral beyond the "expiration of accreditation constitutes a 'refusal to renew' pursuant to 22 CFR §§ 96.63(c) and 96.77(c), which is an adverse action under 22 CFR § 96.75." Dkt. No. 22 at 64. For the reasons described above, this is simply not correct. To COA's knowledge, the State Department has not identified any basis for treating a deferral as a refusal.

DEFENDANT COUNCIL ON ACCREDITATION
FOR CHILDREN AND FAMILY SERVICES, INC.
RESPONSE TO PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION

(CASE NO. 2:18-cv-00731-RBL) – 5

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

actions, COA should be able simply to rescind these purported "refusals" and continue processing Plaintiffs' reaccreditation applications from where it left off. But in treating COA's deferrals as refusals, the State Department has taken the additional step of *explicitly prohibiting* COA from doing just that. Schmidt Decl. ¶ 12. In the email announcing its sudden policy change—sent the day before Plaintiffs' previously existing accreditations were set to expire—the State Department liaison wrote:

> After March 31, <u>COA may no longer continue to review or make any decision in relation to the [adoption service providers'] accreditation application</u>. To the extent COA may be working with the ASP's [sic] on corrective action, any corrective action would be moot as of the expiration date as the ASP would no longer be accredited.

*Id.*, Ex. C (emphasis added). Pursuant to this State Department directive, COA's hands remain tied unless and until this Court orders the State Department to retract these instructions so that COA will be permitted to continue processing Plaintiffs' reaccreditation applications.

### B. COA's Ability to Process Accreditation Applications Will End in December 2018, Rendering the Requested Relief Moot.

Owing to disputes regarding the State Department's new policies, COA and the State Department are terminating their relationship. Schmidt Decl. at ¶ 14. After December 14, 2018, COA will no longer have any authority to make accreditation decisions under the IAA. *Id.*; Adoption Notice: Transfer of Monitoring and Oversight Responsibilities to IAAME, U.S. Department of State – Bureau of Consular Affairs, available at https://travel.state.gov/content/travel/en/News/Intercountry-Adoption-News/adoption-notice---transfer-of-monitoring-and-oversight-responsib.html (last visited Aug, 6, 2018) ("COA will cease providing accreditation services for intercountry adoption no later than December 2018."). This is not merely a technicality; COA's regulatory authority to process the Plaintiffs' reaccreditation applications will cease to exist, under federal law, as of December 14. *See* 42

DEFENDANT COUNCIL ON ACCREDITATION
FOR CHILDREN AND FAMILY SERVICES, INC.
RESPONSE TO PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION

(CASE NO. 2:18-cv-00731-RBL) – 6

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

U.S.C. § 14922(a) (providing that qualified entities may only undertake the duties of accrediting entities "upon entering into . . . agreement" with the Secretary of State).

COA anticipates that it will take a minimum of 45–60 days to complete its review of Plaintiffs' reaccreditation applications, assuming they contain no additional deficiencies or other issues of which COA is presently unaware. Schmidt Decl. ¶ 15. Accordingly, if this Court were to grant Plaintiffs the relief they seek in their Motion by November 1, 2018, it is likely that COA will be able to complete its review of Plaintiffs' applications before its accreditation power terminates. On the other hand, if this Court were to deny Plaintiffs' Motion—or if the Motion is not granted until after November 1, 2018—it is highly *unlikely* that COA would be able to finish processing their applications before it ceases to be the accrediting entity.

## IV.   CONCLUSION

COA takes no position on the merits of Plaintiffs' Motion as it relates to the State Department. There is no basis, however, for an injunction against COA. COA is fully prepared to complete its review of Plaintiffs' reaccreditation applications, if and when the State Department retracts its directive precluding COA from doing so, as long as the retraction occurs in a timely manner before COA ceases to be the accrediting entity.

///

///

///

///

DEFENDANT COUNCIL ON ACCREDITATION
FOR CHILDREN AND FAMILY SERVICES, INC.
RESPONSE TO PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION

(CASE NO. 2:18-cv-00731-RBL) – 7

LAW OFFICES
CALFO EAKES & OSTROVSKY PLLC
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

1  DATED this 8th day of August, 2018.

2                                    CALFO EAKES & OSTROVSKY PLLC

4       By: *s/Damon C. Elder*
            Damon C. Elder, WSBA No. 46754
5           Andrew R.W. Hughes, WSBA No. 49515
            1301 Second Avenue, Suite 2800
6           Seattle, WA  98101-3808
            Telephone:  (206) 407-2200
7           Fax:  (206) 407-2224
            Email: damone@calfoeakes.com
8                  andrewh@calfoeakes.com

        *Attorneys for Defendant Council on Accreditation for Children and Family Services, Inc.*

DEFENDANT COUNCIL ON ACCREDITATION
FOR CHILDREN AND FAMILY SERVICES, INC.
RESPONSE TO PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION

(CASE NO. 2:18-cv-00731-RBL) – 8

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 8, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants.

DATED this 8th day of August, 2018.

                                          *s/ Erica Knerr*
                                          Erica Knerr

DEFENDANT COUNCIL ON ACCREDITATION FOR CHILDREN AND FAMILY SERVICES, INC. RESPONSE TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION
(NO. 2:18-cv-00731-RBL) - 9

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL, (206) 407-2200   FAX, (206) 407-2224